1

2

3

4

5

6

7

8                              IN THE UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DAVID SHAVER,

11              Plaintiff,                    No. CIV S- 05-0150 FCD GGH P

12        vs.                                 ORDER &

13   D. L. RUNNELS, et al.,                   FINDINGS AND RECOMMENDATIONS

14              Defendants.

15   _____/

16              Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. §

17   1983.  Defendants filed a motion to dismiss plaintiff's first amended complaint on the grounds

18   that the action was filed in an improper venue, pursuant to Fed. R. Civ. P. 12(b)(3), and on the

19   ground that plaintiff had failed to state a claim upon which relief may be granted, under Fed. R.

20   Civ. P. 12(b)(6).  This action was transferred on December 8, 2004 from the Central District to

21   the Fresno Division of the Eastern District, defendants having averred that all defendants resided

22   in the Eastern District of California, and the Central District court noting that plaintiff's

23   opposition, while addressing the motion substantively, failed to address the venue issue.  The

24   Central District court, finding that venue in this matter "lies solely in the Eastern District...."

25   ordered the transfer of this case, but specifically did not reach any other ground of the pending

26   dismissal motion.  See Order filed on October 22, 2004 in Central District Case No. 04-CV-0380

1

1  DT MLG.  The Fresno Division of the Eastern District directed the transfer of this case to the

2  Sacramento Division by order filed on January 24, 2005.  This court will proceed to adjudicate

3  defendants' motion on any remaining ground.

4  First Amended Complaint

5            This action proceeds against the following defendants: (former Folsom State

6  Prison Warden) D. L. Runnels; Dr. Nancy Nauman; and N. Grannis.  See Order filed in Central

7  District on April 29, 2004.  Defendant Nauman, a psychiatrist, diagnosed plaintiff, on January 17,

8  2003, as suffering from a mental disorder with symptoms of schizophrenia and manic-

9  depression.  First Amended Complaint (FAC), p. 5.  As a result of her diagnosis and in light of a

10  prior psychiatric diagnosis indicating that plaintiff has an antisocial personality disorder, among

11  other mental conditions, defendant Nauman recommended plaintiff's placement on single cell

12  status.  Id.  Notwithstanding, two committees, the Folsom State Prison Unit One Classification

13  Committee (UCC), on May 6, 2003, and an Inter-disciplinary Treatment Team Committee

14  (ITTC), on December 19, 2003, both denied defendant Nauman's recommendation that plaintiff

15  be placed on single cell status.  Id.  Plaintiff asserts that his Eighth Amendment right to adequate

16  medical care and treatment was thereby violated and that he has been subjected to cruel and

17  unusual punishment.  FAC, p.5 and attachment.  Plaintiff alleges that defendant Nauman was

18  present at the two committee meetings and failed to object to the committees' decisions denying

19  plaintiff adequate medical care.  Id.  Although plaintiff sets forth no specific involvement by

20  defendant Runnels, plaintiff alleges that he violated plaintiff's Eighth Amendment right to

21  adequate medical care.  FAC, p. 3.  Defendant Grannis violated plaintiff's Eighth Amendment

22  rights by denying his appeals.  FAC, pp. 3 and attachment.  Plaintiff also claims that his

23  Fourteenth Amendment rights to due process have been violated.  Plaintiff seeks both

24  "immediate" injunctive relief, in the form of "temporary" placement on single cell status, and

25  money damages.

26  \\\\\

1 | Motion to Dismiss

2 | _Legal Standard for Motion to Dismiss_

3 | A complaint should not be dismissed under Rule 12(b)(6) unless it appears

4 | beyond doubt that plaintiff cannot prove any set of facts consistent with his allegations which

5 | would entitle him to relief. <u>NOW, Inc. v. Schiedler</u>, 510 U.S. 249, 256, 114 S. Ct. 798, 803

6 | (1994); <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984), citing <u>Conley</u>

7 | <u>v. Gibson</u>, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957), <u>Cervantes v. City of San Diego</u>, 5 F.3d

8 | 1273, 1274-75 (9th Cir. 1993). Dismissal of the complaint, or any claim within it, "can be based

9 | on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a

10 | cognizable legal theory." <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990);

11 | <u>see also</u> <u>Robertson v. Dean Witter Reynolds, Inc.</u>, 749 F.2d 530, 534 (9th Cir. 1984).

12 | In considering a motion to dismiss, the court must accept as true the allegations of

13 | the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740, 96 S.

14 | Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the

15 | motion and resolve all doubts in the pleader's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421,

16 | 89 S. Ct. 1843, 1849, reh'g denied, 396 U.S. 869 (1969). The court will "'presume that general

17 | allegations embrace those specific facts that are necessary to support the claim.'" <u>NOW</u>, 510

18 | U.S. at 256; 114 S. Ct. at 803, quoting <u>Lujan v. Defenders of Wildlife</u>, 504 U.S.555, 561, 112 S.

19 | Ct. 2130, 2137 (1992). Moreover, pro se pleadings are held to a less stringent standard than

20 | those drafted by lawyers. <u>Haines v. Kerner</u>, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972). A

21 | motion to dismiss for failure to state a claim should not be granted unless it appears beyond

22 | doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to

23 | relief. <u>See</u> <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984), citing

24 | <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957); <u>see also</u> <u>Palmer v. Roosevelt</u>

25 | <u>Lake Log Owners Ass'n</u>, 651 F.2d 1289, 1294 (9th Cir. 1981).

26 | \\\\\

3

1    The court may consider facts established by exhibits attached to the complaint.

2  Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may disregard

3  allegations in the complaint if they are contradicted by facts established by exhibits attached to

4  the complaint.  Durning v. First Boston Corp., 815 F.2d at 1267.   Furthermore, the court is not

5  required to accept as true allegations that contradict facts which may be judicially noticed.

6  Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987), cert. denied, 486

7  U.S. 1040 (1988).  The court need not accept as true conclusory allegations, unreasonable

8  inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618,

9  624 (9th Cir.), cert. denied, 454 U.S. 1031 (1981).  The court need not accept legal conclusions

10 "cast in the form of factual allegations."  Western Mining Council v. Watt, 643 F.2d 618, 624

11 (9th Cir.), cert. denied, 454 U.S. 1031 (1981).

12    A pro se litigant is entitled to notice of the deficiencies in the complaint and an

13 opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See

14 Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987).

15    *Discussion*

16    Defendants contend that plaintiff has, pursuant to Fed. R. Civ. P. 12(b)(6), failed

17 to state a claim upon which relief may be granted because 1) he has no constitutional right to be

18 single celled in a state prison; 2) the failure to grant an inmate grievance does not rise to the level

19 of a constitutional violation; 3) plaintiff has failed to allege any injury as a result of defendants'

20 conduct; 4) plaintiff states no claim in an action under 42 U.S.C. § 1983 against defendant

21 Runnels, who is apparently sued only as Acting Warden under a theory of respondeat superior

22 liability.

23    Due Process

24    Generally, prison officials' housing and classification decisions do not give rise to

25 federal constitutional claims encompassed by the protection of liberty and property guaranteed by

26 the Fifth and Fourteenth Amendments.  See Board of Regents v. Roth, 408 U.S. 564, 569, 92 S.

1   Ct. 2701, 2705 (1972).  A prisoner does not have a constitutional right to a particular

2   classification status.  Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987) (quoting

3   Moody v. Daggett, 429 U.S. 78, 88 n. 9, 97 S. Ct. 274, 279 (1976), wherein the Supreme Court,

4   in Footnote 9, explicitly rejected a claim that "prisoner classification and eligibility for

5   rehabilitative programs in the federal system" invoked due process protections, even where

6   inmate suffers "grievous loss").  The United States Supreme Court has held that liberty interests

7   protected by the Due Process Clause of the federal constitution arise only in connection with

8   matters pertaining to the imposition of "atypical and significant hardship on the inmate in

9   relation to the ordinary incidents of prison life."  Sandin v. Conner, 515 U.S. 472, 484, 115 S. Ct.

10  2293, 2300 (1995).   Plaintiff has not set forth facts as to any defendant that demonstrate a

11  deprivation of due process in his having been denied single cell status.

12          As to defendant Grannis, plaintiff's complaints with respect to the denial of his

13  inmate appeals also fail, as prisoners do not have a "separate constitutional entitlement to a

14  specific prison grievance procedure."  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003),

15  citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  Even the non-existence of, or the

16  failure of prison officials to properly implement, an administrative appeals process within the

17  prison system does not raise constitutional concerns.  Mann v. Adams, 855 F.2d 639, 640 (9th

18  Cir. 1988).  See also, Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Flick v. Alba, 932

19  F.2d 728 (8th Cir. 1991).  Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D.Ill. 1982) ("[A prison]

20  grievance procedure is a procedural right only, it does not confer any substantive right upon the

21  inmates.  Hence, it does not give rise to a protected liberty interest requiring the procedural

22  protections envisioned by the fourteenth amendment").  Specifically, a failure to process a

23  grievance does not state a constitutional violation.  Buckley, supra.  State regulations give rise to

24  a liberty interest protected by the Due Process Clause of the federal constitution only if those

25  regulations pertain to "freedom from restraint" that "imposes atypical and significant hardship on

26  the inmate in relation to the ordinary incidents of prison life."  Sandin v. Conner, 515 U.S. at

484, 115 S. Ct. at 2300.[1]

Eighth Amendment

In order to state a § 1983 claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976). To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendants possessed a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 299, 111 S. Ct. 2321, 2324 (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand). The requisite state of mind for a medical claim is "deliberate indifference." Hudson v. McMillian, 503 U.S. 1, 4, 112 S. Ct. 995, 998 (1992).

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Indications that a prisoner has a serious need for medical treatment are the following: the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain. See, e.g., Wood v. Housewright, 900 F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01 (9th Cir. 1989). McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

\\\\\

---

[1] "[W]e recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. See also Board of Pardons v. Allen, 482 U.S. 369, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987). But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, see, e.g., Vitek, 445 U.S., at 493, 100 S.Ct., at 1263-1264 (transfer to mental hospital), and Washington, 494 U.S., at 221-222, 110 S.Ct., at 1036-1037 (involuntary administration of psychotropic drugs), nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, supra.

1    In <u>Farmer v. Brennan</u>, 511 U.S. 825, 114 S. Ct. 1970 (1994) the Supreme Court

2  defined a very strict standard which a plaintiff must meet in order to establish "deliberate

3  indifference."  Of course, negligence is insufficient.  <u>Farmer</u>, 511 U.S. at 835, 114 S. Ct. at 1978.

4  However, even civil recklessness (failure to act in the face of an unjustifiably high risk of harm

5  which is so obvious that it should be known) is insufficient.  <u>Id.</u> at 836-37, 114 S. Ct. at 1979.

6  Neither is it sufficient that a reasonable person would have known of the risk or that a defendant

7  should have known of the risk.  <u>Id.</u> at 842, 114 S. Ct. at 1981.

8    It is nothing less than recklessness in the criminal sense—a subjective standard—

9  disregard of a risk of harm of which the actor is <u>actually</u> aware.  <u>Id.</u> at 838-842, 114 S. Ct. at

10  1979-1981.  "[T]he official must both be aware of facts from which the inference could be drawn

11  that a substantial risk of serious harm exists, and he must also draw the inference."  <u>Id.</u> at 837,

12  114 S. Ct. at 1979.  Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk

13  of serious harm and disregards that risk by failing to take reasonable measures to abate it."  <u>Id.</u> at

14  847, 114 S. Ct. at 1984.  "[I]t is enough that the official acted or failed to act despite his

15  knowledge of a substantial risk of serious harm."  <u>Id.</u> at 842, 114 S. Ct. at 1981.  If the risk was

16  obvious, the trier of fact may infer that a defendant knew of the risk.  <u>Id.</u> at 840-42, 114 S. Ct. at

17  1981.  However, obviousness <u>per se</u> will not impart knowledge as a matter of law.

18    Also significant to the analysis is the well established principle that mere

19  differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth

20  Amendment violation.  <u>Jackson v. McIntosh</u>, 90 F.3d 330 (9th Cir. 1996); <u>Franklin v. Oregon</u>,

21  662 F.2d 1337, 1344 (9th Cir. 1981).

22    Moreover, a physician need not fail to treat an inmate altogether in order to violate

23  that inmate's Eighth Amendment rights.  <u>Ortiz v. City of Imperial</u>, 884 F.2d 1312, 1314 (9th Cir.

24  1989).  A failure to <u>competently</u> treat a serious medical condition, even if some treatment is

25  prescribed, may constitute deliberate indifference in a particular case.  <u>Id.</u>

26  \\\\\

1           Additionally, mere delay in medical treatment without more is insufficient to state

2  a claim of deliberate medical indifference.  Shapley v. Nevada Bd. of State Prison Com'rs, 766

3  F.2d 404, 408 (9th Cir. 1985).  Although the delay in medical treatment must be harmful, there is

4  no requirement that the delay cause "substantial" harm.  McGuckin, 974 F.2d at 1060, citing

5  Wood v. Housewright, 900 F.2d 1332, 1339-1340 (9th Cir. 1990) and Hudson, 112 S. Ct. at 998-

6  1000.  A finding that an inmate was seriously harmed by the defendant's action or inaction tends

7  to provide additional support for a claim of deliberate indifference; however, it does not end the

8  inquiry.  McGuckin, 974 F.2d 1050, 1060 (9th Cir. 1992).  In summary, "the more serious the

9  medical needs of the prisoner, and the more unwarranted the defendant's actions in light of those

10  needs, the more likely it is that a plaintiff has established deliberate indifference on the part of

11  the defendant."  McGuckin, 974 F.2d at 1061.

12           Superimposed on these Eighth Amendment standards is the fact that in cases

13  involving complex medical issues where plaintiff contests the type of treatment he received,

14  expert opinion will almost always be necessary to establish the necessary level of deliberate

15  indifference.  Hutchinson v. United States, 838 F.2d 390 (9th Cir. 1988).   Plaintiff alleges that

16  defendant Nauman, apparently a medical expert, after diagnosing him, recommended his

17  placement on single cell status several months prior to such an alleged recommendation having

18  been denied by prison committees, in the presence of defendant Nauman and without objection

19  by her.   As noted, the court must accept plaintiff's allegations as true on this motion to dismiss,

20  Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. at 740, 96 S. Ct. at 1850, and construe

21  them in the light most favorable to plaintiff, resolving all doubts in his favor.  Jenkins v.

22  McKeithen, 395 U.S. at 421, 89 S. Ct. at 1849.   Therefore, the court will recommend denial of

23  defendant's motion as to plaintiff's Eighth Amendment claim against defendant Nauman.   As to

24  defendant Grannis, plaintiff, however, fails to state an Eighth Amendment claim.

25  \\\\\

26  \\\\\

1                    Supervisory Liability

2          Plaintiff alleges no direct involvement whatever by defendant Runnels in his

3   having been denied single cell status.

4          The Civil Rights Act under which this action was filed provides as follows:
           Every person who, under color of [state law] . . . subjects, or causes
5          to be subjected, any citizen of the United States . . . to the
           deprivation of any rights, privileges, or immunities secured by the
6          Constitution . . . shall be liable to the party injured in an action at
           law, suit in equity, or other proper proceeding for redress.
7

8   42 U.S.C. § 1983.

9          The statute requires that there be an actual connection or link between the actions

10  of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v.

11  Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A

12  person 'subjects' another to the deprivation of a constitutional right, within the meaning of

13  § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform

14  an act which he is legally required to do that causes the deprivation of which complaint is made."

15  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

16         Moreover, supervisory personnel are generally not liable under § 1983 for the

17  actions of their employees under a theory of respondeat superior and, therefore, when a named

18  defendant holds a supervisorial position, the causal link between him and the claimed

19  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

20  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

21  941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

22  in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

23  Cir. 1982).  Plaintiff's claims for money damages against defendant Runnels will be dismissed

24  with leave granted for plaintiff to amend.

25  \\\\\

26  \\\\\

                                         9

1    However, with respect to his claims for prospective injunctive relief, just as it is

2    not necessary to allege <u>Monell</u>[2] policy grounds when suing a state or municipal official in his or

3    her official capacity for injunctive relief related to a procedure of a state entity, <u>Chaloux v.</u>

4    <u>Killeen</u>, 886 F.2d 247 (9th Cir. 1989), it follows that it is not necessary to allege the personal

5    involvement of a state official when plaintiffs are attacking a state procedure on federal grounds

6    that relates in some way to the job duties of the named defendant.  All that is required is that the

7    complaint name an official who could appropriately respond to a court order on injunctive relief

8    should one ever be issued.  <u>Harrington v. Grayson</u>, 764 F. Supp. 464, 475-477 (E.D.Mich. 1991);

9    <u>Malik v. Tanner</u>, 697 F. Supp. 1294, 1304 (S.D.N.Y. 1988).  ("Furthermore, a claim for

10   injunctive relief, as opposed to monetary relief, may be made on a theory of <u>respondeat superior</u>

11   in a § 1983 action."); <u>Fox Valley Reproductive Health Care v. Arft</u>, 454 F. Supp. 784, 786 (E.D.

12   Wis. 1978).  <u>See also</u>, <u>Hoptowit v. Spellman</u>, 753 F.2d 779 (9th Cir. 1985), permitting an

13   injunctive relief suit to continue against an official's successors despite objection that the

14   successors had not personally engaged in the same practice that had led to the suit.  However,

15   because a suit against an official in his or her official capacity is a suit against the state, policy or

16   procedure of the state must be at issue in a claim for official capacity injunctive relief.  <u>Haber v.</u>

17   <u>Melo</u>, 502 U.S. 21, 25, 112 S. Ct. 358, 361-62 (1991).   The court will recommend denial of

18   defendants' motion to dismiss defendant Runnels (or his successor) in his official capacity on

19   plaintiff's Eighth Amendment claim.

20   <u>Plaintiff's Motion</u>

21   Plaintiff has requested the appointment of counsel.  The United States Supreme

22   Court has ruled that district courts lack authority to require counsel to represent indigent

23   prisoners in § 1983 cases.  <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989).  In

24   certain exceptional circumstances, the court may request the voluntary assistance of counsel

25

26       [2]  <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658, 98 S. Ct. 2018 (1978).

10

1  pursuant to 28 U.S.C. § 1915(e)(1).  <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991);

2  <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court

3  does not find the required exceptional circumstances.  Plaintiff's request for the appointment of

4  counsel will therefore be denied.

5       As for his accompanying request for "permanent/preliminary injunction," which

6  the court construes as a motion for a preliminary injunction, defendants Nauman and Runnels

7  will be directed to file a response within 30 days.

8       Accordingly, IT IS HEREBY ORDERED that:

9       1.  Plaintiff's April 8, 2005 motion for the appointment of counsel is denied, and

10      2.  Defendants Nauman and Runnels are directed to file a response to plaintiff's s

11  April 8, 2005 motion for a preliminary injunction within 30 days.

12      IT IS RECOMMENDED that:

13      1.  Defendants' August 5, 2004 motion to dismiss be granted in part and denied in

14  part as follows:

15          (a) granted as to plaintiff's due process claims and these claims be dismissed;

16          (b) granted as to defendant Grannis and this defendant be dismissed;

17          (c) granted as to defendant Runnels, in his individual capacity only, and this

18  defendant be dismissed in his individual capacity;

19          (d) denied as to defendant Nauman on the Eighth Amendment claims only;

20          (e) denied as to defendant Runnels on the Eighth Amendment claims, in his

21  official capacity only, for prospective injunctive relief;

22      2.  Defendants Nauman and Runnels be ordered to answer within 30 days of

23  adoption of these Findings and Recommendations, should that occur.

24      These findings and recommendations are submitted to the United States District

25  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

26  days after being served with these findings and recommendations, any party may file written

11

objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

shall be served and filed within ten days after service of the objections.  The parties are advised

that failure to file objections within the specified time may waive the right to appeal the District

Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 7/29/05


                                                          /s/ Gregory G. Hollows
                                                          _____
                                                          GREGORY G. HOLLOWS
                                                          UNITED STATES MAGISTRATE JUDGE
GGH:009
shav0150.mtd