IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID SHAVER,

        Plaintiff,                         No. CIV S- 05-0150 FCD GGH P

    vs.

D. L. RUNNELS, et al.,            FINDINGS AND RECOMMENDATIONS

        Defendants.

_____/

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for preliminary injunctive relief, filed on April 8, 2005. By order, filed on July 29, 2005, defendants, inter alia, were directed to file a response to the motion within 30 days. Having failed to do so, defendants were then ordered to show cause for their failure to comply with the court's order, within 10 days, by order filed on November 22, 2005. Defendants discharged the show cause order in a timely response and were granted an extension of time, until December 30, 2005, to file their response, which was filed on December 29, 2005.

<u>First Amended Complaint</u>

        This action was transferred, on December 8, 2004, from the Central District to the Fresno Division of the Eastern District. The Fresno Division of the Eastern District directed the

transfer of this case to the Sacramento Division, by order filed on January 24, 2005. The allegations of the First Amended Complaint, were modified by the September 28, 2005, Order, adopting the Findings and Recommendations of the undersigned, filed on July 29, 2005, in adjudicating defendants' motion to dismiss.[1]

This action now proceeds against two defendants: Dr. Nancy Nauman on plaintiff's Eighth Amendment claims only, and against (former Folsom State Prison Warden) D. L. Runnels, or his successor, in his official capacity, for prospective injunctive relief only and solely as to plaintiff's Eighth Amendment claims. Defendant Nauman, a psychiatrist, diagnosed plaintiff, on January 17, 2003, as suffering from a mental disorder with symptoms of schizophrenia and manic-depression. First Amended Complaint (FAC), p. 5. As a result of her diagnosis and in light of a prior psychiatric diagnosis indicating that plaintiff has an antisocial personality disorder, among other mental conditions, defendant Nauman recommended plaintiff's placement on single cell status. Id. Notwithstanding, two committees, the Folsom State Prison Unit One Classification Committee (UCC), on May 6, 2003, and an Inter-disciplinary Treatment Team Committee (ITTC), on December 19, 2003, both denied defendant Nauman's recommendation that plaintiff be placed on single cell status. Id. Plaintiff asserts that his Eighth Amendment right to adequate medical care and treatment was thereby violated and that he has been subjected to cruel and unusual punishment. FAC, p.5 and attachment. Plaintiff alleges that defendant Nauman was present at the two committee meetings and failed to object to the committees' decisions denying plaintiff adequate medical care. Id. Although plaintiff sets forth no specific involvement by defendant Runnels, plaintiff alleges that he violated plaintiff's Eighth Amendment right to adequate medical care. FAC, p. 3. Plaintiff seeks both "immediate" injunctive relief, in the form of "temporary" placement on single cell status, and money damages.

---

[1] Defendant Grannis was dismissed from this action, as was defendant Runnels, in his individual capacity only; plaintiff's due process claims were also dismissed. See, Order, filed on September 28, 2005, p. 2.

Motion for Preliminary Injunctive Relief

Although plaintiff couches his motion as one whereby he seeks both preliminary and permanent injunctive relief, he appears to be seeking, in the form of preliminary injunctive relief, the permanent injunctive relief sought by his first amended complaint; that is, although he does not clearly state it within the motion, he is asking that the court require prison officials to house him in a single cell, pending adjudication of this action; he also adds he needs to be provided unspecified "adequate" medical/mental health care and treatment. Plaintiff's declaration in support of motion (plaintiff's Dec.), p. 11. His declaration largely reiterates the allegations of his first amended complaint, as set forth above.

Plaintiff contends that he is threatened with irreparable harm, although he does not provide the specific factual basis for such a conclusion. Motion, p. 4. He contends that the mental suffering he will endure if the motion is denied outweighs any inconvenience to defendants, such that the balance of hardships tip in his favor. Id., p. 5. Plaintiff argues that he is likely to succeed on the merits because defendants have intentionally interfered with his prescribed medical/mental treatments. Id., p. 6.

*Preliminary Injunction Standard*

The legal principles applicable to a request for injunctive relief are well established. To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor. See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. Oakland Tribune, 762 F.2d at 1376. "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." Id. In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits. Id.

1   In cases brought by prisoners involving conditions of confinement, any
2 preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the
3 harm the court finds requires preliminary relief, and be the least intrusive means necessary to
4 correct the harm." 18 U.S.C. § 3626(a)(2).
5   *Opposition*
6   Defendants observe that at the times relevant for this motion for preliminary
7 injunction, defendant Nauman was employed at Folsom State Prison (FSP)[2] and, from January
8 21, 2004, until May 10, 2004, defendant Runnels was the Acting Warden at FSP. Opposition
9 (Opp.), p. 2, citing the Answer at 2, ¶ III; see docket entry # 12.
10   Defendants also point out that, on March 21, 2005, plaintiff notified the court that
11 his address changed to the Correctional Training Facility (CTF) in Soledad. Opp., p. 2; see also,
12 docket entry # 7. Thereafter, on November 7, 2005, plaintiff filed a request, indicating that he
13 had been transferred to RJ Donovan Correctional Facility in San Diego. Opp., p. 2; see also,
14 docket entry # 14. Plaintiff indicated, on November 21, 2005, that he is currently participating in
15 RJD's Enhanced Outpatient Program for mental health. Opp., p. 2; see also docket entry # 18.
16   Defendants argue that plaintiff's motion should be denied because (1) the court
17 does not have jurisdiction to require non-parties to act; (2) plaintiff has been transferred to
18 another correctional institutional wherein he is no longer subject to the same conditions and his
19 request for equitable relief has thereby been rendered moot; (3) plaintiff has not demonstrated a
20 likelihood of success on the merits and the possibility of irreparable injury. Opp., p. 2.
21   *Discussion*
22   Defendants' contentions are well-taken, in part. When an inmate seeks injunctive
23 relief concerning an institution at which he is no longer incarcerated, his claims for such relief

---

[2] Defendant Nauman's declaration sets forth that she is a clinical psychologist at Napa State Hospital, who was employed by the California Department of Corrections and Rehabilitation for about five years, and was a staff psychologist at FSP during the time relevant for plaintiff's allegations. Opp., Exhibit A, Nauman Dec.

4

become moot.  See  Sample v. Borg, 870 F.2d 563 (9th Cir. 1989); Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir. 1986).  See also Reimers v. Oregon, 863 F.2d 630, 632 (9th Cir. 1988).  Plaintiff has demonstrated no reasonable possibility that he will be incarcerated at Folsom State Prison at any predictable time in the future.  In addition, plaintiff has not, since either of his two subsequent transfers, informed the court that he remains subject to any of the conditions of which he complained in either his request for preliminary injunctive relief or in the instant action.  Plaintiff under these circumstances has not made the requisite showing that he is under any threat of significant or irreparable injury.  Oakland Tribune, 762 F.2d at 1376.  If even had his motion not been rendered moot, absent a showing that he is subject to the possibility of irreparable harm, the court need not reach the question of likelihood of success on the merits.  Id. Accordingly, plaintiff's motion for preliminary injunctive relief should be denied.

Moreover, plaintiff's requests for permanent injunctive relief within his first amended complaint against two defendants who are, or were, located at Folsom State Prison have also been rendered moot by his transfer.  As plaintiff's permanent injunctive relief claims have been rendered moot by his subsequent transfers, this court will recommend dismissal of defendant Runnels, or the successor warden of Folsom State Prison, who is being sued in this case at this point in his official capacity only, on a claim for prospective injunctive relief solely.  As to defendant Nauman, this action should proceed only on a claim of money damages against her.

Accordingly, IT IS RECOMMENDED that:

1. Plaintiff's April 8, 2005, motion for preliminary relief be denied as moot;

2. Plaintiff's claims for permanent prospective injunctive relief within his first amended complaint be dismissed as moot;

3. Defendant Runnels, or his successor, sued only in his official capacity for prospective relief solely, be dismissed from this action; and

\\\\\

4. This matter proceed only as to defendant Nauman on a claim for money damages solely.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 8/16/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
shav0150.pi