1

2

3

4

5

6

7

8                         IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DAVID SHAVER,

11              Plaintiff,                    No. CIV S-05-0150 FCD GGH P

12         vs.

13   D.L. RUNNELS, et al.,                    <u>ORDER</u> &

14              Defendants.                   <u>FINDINGS AND RECOMMENDATIONS</u>

15   _____/

16         Defendants filed a motion for summary judgment on August 14, 2006.   Plaintiff

17   filed a pretrial statement on November 3, 2006.   Defendants request that they be relieved from

18   the filing of their pretrial statement pending adjudication of the motion.  Plaintiff has failed to

19   file any opposition to the motion for summary judgment.

20         By order filed on September 9, 2006, plaintiff was granted a 30-day extension to

21   file his opposition to the motion, but has failed to do so.  By order filed on October 3, 2006,

22   plaintiff's request for involuntary dismissal, which the court construed as a request for leave to

23   amend his complaint to add new parties, under Fed. R. Civ. P. 15(a), was denied because plaintiff

24   had failed to attach a proposed amended complaint for the court's review.

25         On November 3, 2006, plaintiff filed a motion for leave to file a supplemental or

26   amended complaint.  At this time, plaintiff is proceeding only against one defendant, Dr.

1  Nauman (defendant Runnels and plaintiff's claims for injunctive relief having been dismissed),

2  on a claim for money damages for a violation of his rights under the Eighth Amendment.  See

3  Findings and Recommendations, filed on August 16, 2006, adopted by Order, filed on September

4  12, 2006.

> Defendant Nauman, a psychiatrist, diagnosed
> plaintiff, on January 17, 2003, as suffering from a mental disorder
> with symptoms of schizophrenia and manic-depression. First
> Amended Complaint (FAC), p. 5. As a result of her diagnosis and
> in light of a prior psychiatric diagnosis indicating that plaintiff has
> an antisocial personality disorder, among other mental conditions,
> defendant Nauman recommended plaintiff's placement on single
> cell status. Id. Notwithstanding, two committees, the Folsom State
> Prison Unit One Classification Committee (UCC), on May 6, 2003,
> and an Inter-disciplinary Treatment Team Committee (ITTC), on
> December 19, 2003, both denied defendant Nauman's
> recommendation that plaintiff be placed on single cell status. Id.
> Plaintiff asserts that his Eighth Amendment right to adequate
> medical care and treatment was thereby violated and that he has
> been subjected to cruel and unusual punishment. FAC, p.5 and
> attachment. Plaintiff alleges that defendant Nauman was present at
> the two committee meetings and failed to object to the
> committees' decisions denying plaintiff adequate medical care. Id.

15  Findings and Recommendations, filed on 8/16/06, p. 2.

16  Plaintiff now seeks to name four additional defendants, claiming that events have

17  occurred since the date of filing of the original complaint in this action that implicate his Eighth

18  Amendment rights.  Plaintiff appears to intend however, simply to name participants in the

19  committee decisions for which he made his original allegations with regard to defendant

20  Nauman.

21  The Federal Rules of Civil Procedure provide that a party may amend his or her

22  pleading:

> once as a matter of course at any time before a responsive pleading
> is served....  Otherwise a party may amend the party's pleading
> only by leave of court or by written consent of the adverse party;
> and leave shall be freely given when justice so requires.

26  Fed. R. Civ. P. 15(a).

1    In this case, the defendants filed their answer to the first amended complaint on

2    October 21, 2005; as the adverse party has opposed, not consented to, plaintiff's request, he may

3    proceed on any further amended complaint only by leave of court.  It is a settled principle that

4    granting leave to amend the pleadings pursuant to Rule 15(a) is within the court's discretion.

5    Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330, 97 S. Ct. 795, 802 citing

6    Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962).  While the mandate of Rule 15(a)

7    that leave to amend is to be "freely given when justice so requires" is to be heeded, Foman v.

8    Davis, 371 U.S. at 182, 83 S. Ct. at 230, factors for the court to consider in determining whether

9    to permit an amendment include "undue delay, bad faith or dilatory motive" on the part of the

10   moving party, "undue prejudice to the opposing party," or "futility of amendment."   Id.

11   As defendants observe, plaintiff has always referenced, the basis of plaintiff's

12   allegations from the outset have been the classification and inter-disciplinary treatment team

13   committee decisions wherein defendant Dr. Nauman's recommendation for a single cell was

14   denied.  Since plaintiff's claim against defendant Nauman arises from her failure to influence the

15   members of one or both committees to render a decision allowing plaintiff single cell status, it is

16   evident that plaintiff could, long before now, have sought to name as defendants the committee

17   members participating in the decision he challenges.  Plaintiff having provided no adequate

18   rationale for seeking belatedly to add as new parties individuals of whose existence he must have

19   been fully aware from the outset (or at least of the entities of which they were members), this

20   court will recommend that his request for leave to amend be denied.

21   Finally, Local Rule 78-230(m) provides in part:  "Failure of the responding party

22   to file written opposition or to file a statement of no opposition may be deemed a waiver of any

23   opposition to the granting of the motion . . . ."   Further, Local Rule 11-110 provides that failure

24   to comply with the Local Rules "may be grounds for imposition of any and all sanctions

25   authorized by statute or Rule or within the inherent power of the Court."  As noted, despite \

26   \\\\\

1   having been granted an extension of time to do so, plaintiff has failed altogether to oppose

2   defendants' pending motion for summary judgment.

3           This case was transferred from the Central District, after defendants had been

4   served and had filed a motion to dismiss based on improper venue, by order filed on December 8,

5   2004.  This court's review of the file does not make clear that plaintiff was provided with the

6   requisite notice in the service order of that court concerning plaintiff's requirements in opposing

7   a motion for summary judgment.  This court provides such notice herein, quoted from the service

8   order of this district for prisoner civil rights actions:

9           Pursuant to Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998)
            (en banc), cert. denied, 527 U.S. 1035 (1999), and Klingele v.
10          Eikenberry, 849 F.2d 409 (9th Cir. 1988), plaintiff is advised of the
            following requirements for opposing a motion for summary
11          judgment made by defendants pursuant to Rule 56 of the Federal
            Rules of Civil Procedure.  Such a motion is a request for an order
12          for judgment in favor of defendants without trial.  A defendant's
            motion for summary judgment will set forth the facts that the
13          defendant contends are not reasonably subject to dispute and that
            entitle the defendants to judgment.  To oppose a motion for
14          summary judgment, plaintiff must show proof of his or her claims.
            Plaintiff may do this in one or more of the following ways.
15          Plaintiff may rely upon statements made under the penalty of
            perjury in the complaint if the complaint shows that plaintiff has
16          personal knowledge of the matters stated and plaintiff calls to the
            court's attention those parts of the complaint upon which plaintiff
17          relies.  Plaintiff may serve and file one or more affidavits or
            declarations setting forth the facts that plaintiff believes prove
18          plaintiff's claims; the person who signs an affidavit or declaration
            must have personal knowledge of the facts stated.  Plaintiff may
19          rely upon written records, but plaintiff must prove that the records
            are what plaintiff claims they are.  Plaintiff may rely upon all or
20          any part of the transcript of one or more depositions, answers to
            interrogatories, or admissions obtained in this proceeding.  If
21          plaintiff fails to contradict the defendant's evidence with
            counteraffidavits or other admissible evidence, the defendant's
22          evidence may be taken as the truth and the defendant's motion for
            summary judgment granted.  If there is some good reason why such
23          facts are not available to plaintiff when required to oppose a
            motion for summary judgment, the court will consider a request to
24          postpone considering the defendant's motion.  If plaintiff does not
            serve and file a written opposition to the motion or a request to
25          postpone consideration of the motion, the court may consider the
            failure to act as a waiver of opposition to the defendant's motion.
26          If the defendant's motion for summary judgment, whether opposed
            or unopposed, is granted, judgment will be entered for the
            defendants without a trial and the case will be closed.

..............................................................................................

The failure of any party to comply with this order, the Federal Rules of Civil Procedure, or the Local Rules of Court may result in the imposition of sanctions including, but not limited to, dismissal of the action or entry of default.  Fed. R. Civ. P. 11; Local Rule 11-110.

Plaintiff, having now been unequivocally advised of the requirements for filing opposition under the Local Rules and cautioned that failure to comply with the Local Rules might result in the imposition of sanctions, plaintiff will be granted one final opportunity to show cause for his failure to oppose the motion and to file his opposition.  Failure to do so, within thirty days, will result either in a recommendation that the case be dismissed for plaintiff's failure to comply with court orders or a recommendation that the motion be granted and judgment entered for defendant.

Accordingly, IT IS ORDERED that:

1.  Defendants' November 8, 2006, request to be relieved the filing of a pretrial statement is granted, and they are relieved from their obligation to file a pretrial statement at this time;

2.  The pretrial conference and trial dates set in the March 31, 2006, scheduling order are vacated, with a new pretrial conference date and trial date to be re-set, pending resolution of the pending motion for summary judgment, if appropriate;

3.  Plaintiff must show cause for his failure to file any opposition to the pending motion for summary judgment and must file any such opposition within thirty days; failure to do so will result in a recommendation that the case be dismissed for plaintiff's failure to comply with court orders, or, in the alternative, a recommendation that the motion be granted and judgment be entered for defendant.

IT IS RECOMMENDED that plaintiff's motion, filed on November 3, 2006, for leave to file a supplemental or further amended complaint to name new parties be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

1   days after being served with these findings and recommendations, any party may file written

2   objections with the court and serve a copy on all parties.  Such a document should be captioned

3   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

4   shall be served and filed within ten days after service of the objections.  The parties are advised

5   that failure to file objections within the specified time may waive the right to appeal the District

6   Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

7   DATED: 11/28/06

                                        /s/ Gregory G. Hollows
8                                       _____
                                        GREGORY G. HOLLOWS
9                                       UNITED STATES MAGISTRATE JUDGE

10  GGH:009
    shav0150.vac

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26