IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID SHAVER,

        Plaintiff,                          No. CIV S- 05-0150 FCD GGH P

   vs.

D. L. RUNNELS, et al.,

        Defendants.                ORDER

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court is defendant Nauman's[1] motion for summary judgment to which plaintiff has filed an opposition. This matter was originally filed in the Central District and was subsequently transferred to the Fresno Division of the Eastern District of California, after which it was ultimately transferred to this, the Sacramento Division. See Order, filed in the Central District on October 24, 2004; see also, Order, filed on January 24, 2005, and filings docketed in this court, dated December 8, 2004. As a preliminary matter in considering the pending dispositive motion, this court conducted a review of the filings in the other district and divisions

---

[1] Although the motion was also brought on behalf of defendant Runnels, he was dismissed from this action by Order, filed on September 12, 2006, adopting the Findings and Recommendations, filed on August 16, 2006.

1  and has determined that no Klingele, infra, notice was provided to plaintiff either at the time
2  when such notice is provided by this court as a matter of course, that is, in the service order of
3  the action, or at any time before or after.  Moreover, no such notice has been provided subsequent
4  to the transfer of this case, and the court's review demonstrates that defendants' notice of motion
5  for summary judgment is inadequate to meet the notice requirements of Rand v. Rowland, 154
6  F.3d 952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999), and Klingele v.
7  Eikenberry, 849 F.2d 409 (9th Cir. 1988).

The Ninth Circuit has observed that its precedents demonstrate that "the district court bears the responsibility of assuring that a pro se prisoner litigant receives fair notice of summary judgment requirements." Wyatt v. Terhune, 315 F.3d 1108, 1114 (9th Cir. 2003), citing Rand, supra, 154 F.3d at 960.  In Rand, the Ninth Circuit reaffirmed the bright-line "decade-old rule under Klingele that a pro se prisoner must be given fair notice of the requirements of Rule 56," 154 F3d at 961-962, but allowed that "such notice may be given by the moving party...." Id., at 962.  However, in order to be sufficient, the notice provided by defendants must meet the requirements of fair notice.  Id.

> Rand requires that the prisoner be "informed of his or her right to file counter-affidavits or other responsive evidentiary materials and be alerted to the fact that failure to do so might result in the entry of summary judgment against the prisoner." 154 F.3d at 960.  The pro se prisoner must be "informed of the effect of losing on summary judgment." Id.  The notice should also state that if the pro se prisoner fails to controvert the moving party with opposing counter-affidavits or other evidence the moving party's evidence might be taken as the truth, and final judgment may be entered against the prisoner without a trial.

Wyatt v. Terhune, 315 F.3d at 1114 n. 6.

As noted, in this case, the court's review of the record indicates that neither the court nor defendants have met the requirements of fair notice to plaintiff with respect to the pending motion.  Therefore, the undersigned will set forth the notice routinely provided to pro se litigants before this court.  In addition, the court must deny the pending summary judgment

motion, which it does without prejudice to its being re-noticed, after plaintiff has had the opportunity, within thirty (30) days of the filing of this order, to file any supplement to his opposition. At the end of that period, whether plaintiff has filed any supplemental opposition or not, defendant will be directed to re-notice the summary judgment motion and the matter will be deemed submitted. If defendant wishes to file a reply to any supplemental opposition, she may do so, along with the re-notice, within 45 days of the filing of this order.

Pursuant to Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988), plaintiff is advised of the following requirements for opposing a motion for summary judgment made by defendants pursuant to Rule 56 of the Federal Rules of Civil Procedure. Such a motion is a request for an order for judgment in favor of defendants without trial. A defendant's motion for summary judgment will set forth the facts that the defendants contend are not reasonably subject to dispute and that entitle the defendants to judgment. To oppose a motion for summary judgment, plaintiff must show proof of his or her claims. Plaintiff may do this in one or more of the following ways. Plaintiff may rely upon statements made under the penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff calls to the court's attention those parts of the complaint upon which plaintiff relies. Plaintiff may serve and file one or more affidavits or declarations setting forth the facts that plaintiff believes prove plaintiff's claims; the person who signs an affidavit or declaration must have personal knowledge of the facts stated.[2] Plaintiff may rely upon written records, but plaintiff must prove that the records are what plaintiff claims they are. Plaintiff may rely upon all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding. If plaintiff fails to contradict the defendants' evidence with

---

[2] A motion or opposition supported by unsigned affidavits or declarations will be stricken.

counteraffidavits or other admissible evidence, the defendants' evidence may be taken as the truth and the defendants' motion for summary judgment granted. If there is some good reason why such facts are not available to plaintiff when required to oppose a motion for summary judgment, the court will consider a request to postpone considering the defendants' motion. If plaintiff does not serve and file a written opposition to the motion or a request to postpone consideration of the motion, the court may consider the failure to act as a waiver of opposition to the defendants' motion. If the defendants' motion for summary judgment, whether opposed or unopposed, is granted, judgment will be entered for the defendants without a trial and the case will be closed.

Accordingly, IT IS ORDERED that:

1. Defendants' August 14, 2006, motion for summary judgment is denied without prejudice to its re-notice by the remaining defendant, upon the expiration of time plaintiff is herein provided to supplement his opposition to the defendant's dispositive motion;

2. Plaintiff, provided herein with fair notice of the requirements for opposing a motion for summary judgment, must file any supplement to his opposition within thirty days; and

3. Should plaintiff file any supplemental opposition, defendant may file any reply along with the re-notice of the motion for summary judgment, within 45 days of the filing of this order.

4. Should plaintiff fail to file any supplemental opposition within thirty days of the date of this order, defendant is directed to re-notice the motion for summary judgment upon expiration of that time period, or in any event, within 45 days of the date of this order, and the matter will be deemed submitted.

DATED: 2/20/07                                              /s/ Gregory G. Hollows

                                                            GREGORY G. HOLLOWS
                                                            UNITED STATES MAGISTRATE JUDGE

GGH:009
shav0150.ord